IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AUSTIN JONES-CAREY,

    Petitioner,

v.                                        CASE NO. 1:06-cv-00206-MP-AK

JAMES R. MCDONOUGH,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

       This matter is before the Court on Doc. 10, Petition for Writ of Habeas Corpus, filed by Austin Jones Carey. In his habeas corpus petition, Petitioner charges that he was denied a speedy trial in state court. Petitioner candidly acknowledges on the face of his petition that these identical issues are presently pending before the state court on a Rule 3.850 motion, which was filed on August 29, 2006. *Id*.

       Section 2254 relief will not be granted unless Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (state prisoner must "invok[e] one complete round of the State's established appellate review process").

It is clear that Petitioner has invoked available state court remedies but that he has not exhausted them, as there has been no ruling by the state court on post-conviction motion now pending.

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus, Doc. 10, be **DISMISSED** for failure to exhaust available state court remedies.

**IN CHAMBERS** at Gainesville, Florida, this _27th_ day of February, 2007.

s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**